## ANN HAMILTON v. G. H. & S. A. R'Y CO.

(Case No. 621.)

1. EVIDENCE.— In a suit for damages against a railway company by a mother for killing her minor son, whilst in its employment as a brakeman, the court excluded her testimony to the effect that she remonstrated with the son about his acting as brakeman, and also her answer to a question asking her what she said on that subject. *Held* —

    1. The mother having already testified that she had not at any time consented to his employment, what she said to him would have been immaterial as to the fact of consent, and inadmissible to charge the company with notice of her objection, because not made in the presence or with the knowledge of any of its officers.

    2. If the issue had extended to her entire conduct during the employment, and the inference reasonably drawn therefrom, the fact of her remonstrance with the son, and the manner thereof, would have been proper as explanatory of her conduct.

2. CONTRACT WITH MINOR — RAILWAY COMPANY.— A railway company contracted with a boy fifteen years old for his services as brakeman on its railway without the consent of the mother, his only living parent. *Held* —

    1. The employment was a wrong done the mother.

    2. Unless the boy had sufficient discretion to comprehend and guard against the dangers of the employment, when fully explained to him, as they should have been, the contract with him would not place him in the position of an employee or precluded a recovery for injuries suffered from the negligence of co-employees.

    3. Though a minor may be of sufficient age and discretion to justify his employment as a brakeman, whether he could be thus properly employed or not, is a question for the jury.

3. FACT CASE.— See statement and opininion for facts which did not justify a charge of the court in regard to the employment of a minor as a brakeman on a railway.

APPEAL from Galveston. Tried below before the Hon. A. P. McCormick.

Suit by Ann Hamilton against appellee for running its cars over Nathaniel Brown, aged fifteen years, only son of plaintiff, and killing him; alleging that Nathaniel Brown was employed by the company without the consent and against the will of plaintiff; that he was a minor

of tender years, and employed at extra hazardous business by defendant — coupling and uncoupling cars; that his death was caused by the gross negligence of defendant, its servants, agents and employees, and by no fault or want of proper care of the minor; that defendant was guilty of gross neglect in not having a skillful and competent engineer and yard master on the train, in not having the train properly manned, and in having defective switch and rails.

The defendant pleaded the general issue; that the action accrued to plaintiff more than three calendar months before the bringing of the suit; that Nathaniel Brown was employed by the defendant, with the consent of his mother, Ann Hamilton; that his business was to couple and uncouple cars, attend switches and give and repeat signals; that Nathaniel Brown was killed while in the employ of defendant, by getting his foot caught in the switch, and being run over by the cars of defendant company, and without fault or negligence on the part of defendant or his employees; that the train was well manned, and that the employees of defendant were careful, competent and well skilled in their duties.

Ann Hamilton testified, among other things, that she was the mother and only surviving parent of Nathaniel Brown; that her said son was killed on defendant's railroad; that he was a minor, aged fifteen years and seventeen days; and that she never, at any time, directly or indirectly, gave her consent to his employment by defendant as an employee on their railroad; and during the time he had been working for defendant she was sick and confined to her house, but that, looking through her window, she saw her son on the trains and cars of defendant; and being asked by plaintiff's attorneys to state whether she made any remonstrance to her son for working on said road, she said, "I did." Counsel for defendant here objected to the question and answer, and asked that they be

excluded from the jury; court sustained the objection and excluded the answer from the jury, to which rulings plaintiff took bill of exceptions. She testified that Nathaniel Brown was unmarried and had no child; that she was sick during all the time her son was with the railroad; that her bed was by the window, and she saw her son on the cars of defendant.

Haley, yard master of defendant, testified that he knew Brown; that he was the son of the plaintiff; that he was killed by the defendant's railroad on 10th of February, 1873; that he was in the employ of the company, and had been in their employ about two weeks; and that Brown could not have avoided the accident by the exercise of prudence.

H. Hughes testified for defendant that Mr. Nichols instructed Mr. Haley, yard master, that he must not keep the boy, Nathaniel Brown, in his employ without his mother's consent, and in a few minutes Brown came up and told Mr. Haley he had his mother's consent to the employment; and that after the death of Brown his mother received his wages.

While Mrs. Hamilton was being examined, she testified that at the time her son went into the employ of defendant she was confined to her bed by sickness, and had not been able to leave the house up to the time her son was killed by the road; that her house was within two and three hundred yards of the road; and that during her sickness her bed was by the window; that she saw from the window that her son was in the employ of the defendant by seeing him on the cars; but that she never, at any time, gave her consent, directly or indirectly, to his employment by the defendant.

On cross examination, defendant's counsel asked her "If her son did not tell her that he was employed by defendant as a brakeman." To which the witness answered, "yes." Plaintiff's counsel then asked witness to

state the whole of the conversation between her and her said son at the time he told her that he was in defendant's employ. Defendant's counsel objected. The court sustained the objection, and refused to let the witness state the whole conversation, to which ruling plaintiff took bill of exceptions.

The evidence disclosed the following additional facts: Deceased was killed by defendant company's cars in charge of engineer James Long. Haley, yard master, whose duty it was to control the movements of trains, had gone to the depot to attend to freight bills; deceased came to the train and told Long that Haley wanted the empty cars detached from the train and thrown off the track on a switch; the train consisted of a car loaded with cotton, and an empty car. For the purpose of executing the order, deceased went in between the empty and loaded car to uncouple the cars, and while thus between the cars he gave the usual signal with his hand to back a little so he could get the bolt out. The engineer put the engine in motion and moved it about six or eight feet, when he discovered by bumping of loaded car that it had run over deceased, and he died in an hour afterward from the injury. The reason the engineer moved the car so far, was for the purpose of giving force enough to throw the empty car on the switch; moving the car an inch would have been sufficient to loosen the bolt; the car could have moved that little, and he understood by the signal that he was to move but a little; and deceased had been in the employ of defendant about two weeks.

*Frank M. Spencer*, for appellant.

*Waul & Walker*, for appellee.

I. The court properly ruled out the statement of plaintiff that she remonstrated with her son for working on defendant company's railroad, the question being leading

and suggestive of the answer, and not made in the presence or brought to the knowledge of the company.

II. Counsel cannot silently acquiesce in a question propounded to the witness by the opposite side; take the chance of the answer being in his favor; but finding it pertinent to the issue and against him, then have it excluded from the jury, and the court erred in allowing it to be done. Kerr v. McGuire, 28 N. Y., 446–452; King v. Haney, 46 Cal., 560.

III. The appellee would not be liable for the death of deceased if produced by the negligence of the engineer, provided there was no negligence proved in his appointment, or notice of his incompetency, and he was retained in his position thereafter. Railroad Co. v. Miller, 51 Tex., 274; A. W. Robinson v. Railroad, 46 Tex., 540; Railroad Co. v. Fort, 17 Wall., 553; Wood's Master and Servant, sec. 416; Wharton on Negligence, sec. 224; Shearman & Redfield on Negligence, secs. 86–88.

IV. A parent by whose consent, express or implied, a minor son has been employed, cannot recover from the employer under such circumstances as would prevent the recovery if the deceased was emancipated. Railroad v. Miller, 51 Tex., 274; Shearman & Redfield on Negligence, 50–97.

GOULD, ASSOCIATE JUSTICE.— The exclusion of the plaintiff's testimony that she remonstrated with her son about his acting as brakeman, and of her answer to a question asking her what she said to him on the subject, would not have been erroneous, had the issue on that point been merely whether she consented to her son's employment or not. Having testified positively that she had not, at any time, directly or indirectly, given her consent to his employment, what she said to her son on the subject would have been immaterial as to the fact of consent, and inadmissible for the purpose of charging the

company with notice or knowledge of her objection, because not made in the presence or with the knowledge of any of its officers.

If, however, the issue was to extend to her entire conduct during the employment, and the inferences which might reasonably be drawn therefrom, we think that the fact of her remonstrance with her son, and the manner in which she remonstrated, might well have been admitted as tending to explain more fully what her conduct was.

But we are of opinion that the court erred in that part of its charge which related to the conduct of plaintiff, as follows: "Or if you believe that the plaintiff's conduct in the control of her son and in her knowledge of his occupation was such as to induce a reasonable man to believe that the plaintiff did consent for her son so to contract," etc. This part of the charge was objected to, and the point reserved by bill of exceptions.

We see nothing in the evidence justifying that charge. During the entire two weeks of her son's employment as brakeman, the mother was sick and confined to her room. No reasonable man, knowing the facts, would have felt authorized to act on the belief that the son had the mother's consent, nor do we think there was evidence tending to show such conduct, sufficient to support a verdict against plaintiff on that issue. Yet, looking at the final part of the court's charge, we are forced to the conclusion that the verdict of the jury must have been based on their finding against plaintiff on this issue. That part of the charge left them no alternative but to give plaintiff a verdict, unless they found that she had actually consented to the employment, or so conducted herself in reference to her son's occupation, as to induce a reasonable man to believe that she did consent; for that the boy "was placed in a position of danger, and received thereby an

injury from which he died," were facts clearly apparent. That the position of brakeman is one of danger is a matter of common knowledge, requiring no proof, and it was not denied that plaintiff's son was placed in that position by defendant's servants, and received thereby an injury from which he died. The plaintiff's testimony that she never, directly or indirectly, consented to the employment, stood uncontradicted and uninvalidated in any way. That she, after her son's death, received his wages, seems to us to be of little significance. We think it apparent that the jury were misled by the charge of the court into giving undue weight to plaintiff's conduct, or failure to notify the company of her dissent, whilst she was sick and confined to her room.

The evidence as to her conduct was, in our opinion, insufficient to call for the charge, or to support the verdict, and for these reasons the judgment will be reversed and the cause remanded.

The employment of a boy only fifteen years of age in the hazardous position of brakeman, if without the consent of his mother and only parent, was a wrong done to that mother, and unless the boy had sufficient discretion to comprehend and guard against the dangers of the employment, when fully explained to him, as they should have been by the employer, such a contract would not place him in the position of an employee, or preclude a recovery for injuries suffered from the negligence of a co-employee. R. R. v. Miller, 49 Tex., 322; 51 Tex., 274; Coombs v. New Bedford Cordage Co., 102 Mass., 572; Hill v. Gust, 55 Ind., 45; 2 Thompson on Negligence, p. 977, sec. 8, and authorities cited.

A minor may be of sufficient age and discretion to justify his employment as a brakeman. 51 Tex., supra. Whether this boy of fifteen years could have been properly employed in that position, was, we think, a question

of fact for the jury; not, as appears to have been assumed in the trial, one of law for the court. 2 Thompson on Negligence, *supra*.

The judgment is reversed and the cause remanded.

REVERSED AND REMANDED.

[Opinion delivered March 29, 1881.]