Taylor *et al. v.* Wootan, by Next Friend.

No. 86.

TAYLOR ET AL. *v.* WOOTAN, BY NEXT FRIEND.

MASTER AND SERVANT.—*Negligence.*—*Patent Defects.*—A servant is bound to know what is open to observation and can be ascertained by the ordinary exercise of the senses. He is chargeable with notice of defects patent and obvious.

SAME.—*Minor or Inexperienced Servant.*—*Assumed Risks.*—A minor or inexperienced servant, in his contract of employment, by legal implication, assumes all the risks ordinarily incident to the service, including all of which he has notice, and all that are patent and obvious to him.

SAME.—*Instructions to Inexperienced Servant.*—*Sufficiency of.*—Instructions to an inexperienced servant must be such as to enable him to comprehend the dangers of his situation and appreciate the necessity of adopting prudent methods for his protection.

SAME.—*Minor.*—*Hazardous Employment.*—*Instructing.*—A master may employ an infant in a hazardous occupation, if he will furnish him with such information relative to the perils of his situation as will enable him to comprehend the dangers and understand how to avoid them.

SAME.—*Servant Unable to Understand Instructions.*—*May not Employ.*—It is an actionable wrong for a master to expose in a hazardous employment one whom he knows to be lacking in capacity to understand and appreciate the dangers surrounding him, however much he may have been instructed.

SAME.—*Capacity of Infant to Appreciate and Understand Danger.*—To justify a master in the employment of an ignorant and inexperienced infant in a hazardous calling, such infant must possess sufficient capacity to understand the dangers of the situation, and to appreciate the importance of heeding prudent warnings for his own safety.

PRACTICE.—*Demurrer to Bad Paragraph Overruled.*—*Presumption.*—Where a demurrer is overruled to a bad paragraph of a complaint containing one or more good paragraphs, it will be presumed harmful and be held reversible error, unless it affirmatively appears by the record that the judgment rests exclusively upon the good paragraphs.

SAME.—*Interrogatories Showing Verdict Based on Good Paragraphs.*—If interrogatories answered by the jury show that the general verdict is based entirely upon the good paragraphs, the overruling of the demurrer is a harmless error.

SAME —*Improper Evidence Cured by Instructions.*—If the court admit improper evidence, the error is cured by the judge informing the jury in his instructions that such evidence is incompetent and should not be considered by them for any purpose.

INSTRUCTIONS.—*Completeness.*—*Not Applicable to Whole Case.*—It is not nec-

essary that each instruction should contain the whole law of the case, or any branch of the case with the recognized exceptions. If an instruction contains a complete statement of a proposition of law applicable to the facts in a given case, it will be held good as a part of a series containing the entire law of the case.

SAME.—*All Construed Together.—Failure to Define Contributory Negligence.*— All the instructions should be considered together, and construed with reference to each other. An instruction on the negligence of the defendant, to be sufficient, need not make any allusion to the contributory negligence of the plaintiff, if such contributory negligence has been defined in other instructions given to the jury.

SAME.—*Refusal.*—It is not error to refuse an instruction covered by one given.

From the Floyd Circuit Court.

*C. L. Jewett* and *H. E. Jewett,* for appellants.
*J. V. Kelso* and *C. D. Kelso,* for appellee.

CRUMPACKER, J.—Henry Wootan, a minor, by next friend, sued Benjamin K. Taylor and Joseph E. Taylor in the Floyd Circuit Court to recover damages for an injury alleged to have been sustained by the plaintiff while in the employment of the Taylors in their manufactory at New Albany.

The complaint contains three paragraphs, and a separate demurrer was filed to each paragraph and overruled, to which exceptions were duly taken.

Issues were joined by general denial, and the cause was tried by a jury, and resulted in a verdict for the plaintiff below.

At the proper time appellants' counsel requested that the jury be required to answer a series of interrogatories, some of which the court refused to submit to the jury, and appellants excepted.

At the time the verdict and interrogatories were returned into court the appellants asked that the jury be required to give more specific answers to four of the interrogatories before being discharged, which request was denied, and they excepted.

They then filed a motion for a new trial, based upon ten alleged errors which occurred at the trial, and this motion was overruled, and exceptions taken, thereupon judgment was entered upon the verdict.

The errors relied upon in this court for the reversal of the judgment are :

1. Overruling the demurrer to the third paragraph of complaint ; and,

2. Overruling the motion for a new trial.

The first paragraph of complaint declares that the appellants were partners, engaged in manufacturing the woodwork for wagons and other vehicles in the city of New Albany, and in their manufacturing establishment they had a machine used for dressing lumber, called a " planer," which consisted of a framed stand upon which was adjusted a cylinder containing a number of very sharp knives, and which revolved rapidly when in operation ; that the planer was uncovered and unguarded, and very dangerous ; that the appellee was a minor, only twelve years old, and was wholly inexperienced in the use, and ignorant of the dangerous character of the planer, and the appellants, with knowledge of his youth, inexperience and ignorance, employed him to work for them, and set him to carrying lumber from the planer after it had been properly dressed ; that they carelessly and negligently failed to instruct him properly in relation to such work, or to caution him of the dangers incident thereto, and while he was so engaged, without any fault upon his part, his arm caught in the cylinder upon said planer and was so injured that it had to be amputated near the shoulder.

The second paragraph is substantially like the first, except it alleges that the appellee lacked the capacity to understand and appreciate the dangers incident to his employment, and was unfit to be set at such work, which the appellants knew but carelessly and negligently so engaged him.

The third paragraph alleges the employment of the appellee to work at the planer, his youth and inexperience, and

that the appellants carelessly and negligently left the planer uncovered and unguarded, and carelessly left open and uncovered certain apertures in the floor at the rear of the planer, which were used to dispose of shavings from the lumber, whereby the appellee, without fault in himself, and while in the line of duty, stepped in one of said apertures and was thrown upon and against the revolving cylinder of the planer, and so injured that he lost his arm.

There was no averment in the third paragraph that the appellants failed to properly instruct the appellee of the hazards of his employment, or that he was unable to comprehend the dangers of the situation on account of his ignorance, inexperience or immature judgment. The negligence complained of in this paragraph consisted in leaving the planer uncovered and unguarded, and the apertures in the floor unprotected. These defects were patent and obvious, and must have been known to the appellee at the time he engaged in the service of appellants. A servant is bound to know what is open to observation and can be ascertained by the ordinary exercise of the senses.

It is well settled, also, that a servant, in his contract of employment, by legal implication, assumes all of the risks ordinarily incident to the service, and this includes all of which he has notice; all that are patent and obvious to him. These rules of law obtain in cases of the employment of minors, and inexperienced persons, as well as others. *Pittsburgh, etc., R. W. Co.* v. *Adams*, 105 Ind. 151; *Sullivan* v. *India Mfg. Co.*, 113 Mass. 396. This paragraph of complaint, for the reasons stated, can not be upheld, but it does not necessarily follow that the error must result in reversing the judgment.

We are convinced, by the reasons advanced by counsel for the appellee, that the error in overruling the demurrer to this paragraph resulted in no harm to the appellants. Where a demurrer is overruled to a bad paragraph of a complaint containing one or more good paragraphs, it will be presumed harmful, and be held reversible error, unless it shall affirm-

atively appear by the record that the judgment rested exclusively upon the good paragraphs. *Carr* v. *Hays,* 110 Ind. 408.

But in this case the instructions were predicated solely upon the first and second paragraphs of complaint, and the jury answered thirty-five interrogatories, covering about every fact in issue, and from these it is clear that in reaching the general verdict they adopted the theories of liability declared upon in the first and second paragraphs exclusively, so we must hold the error harmless.

Complaint is next made of the action of the trial court in permitting a witness to testify in appellee's behalf to a conversation with one of the appellants a short time after the injury occurred, in which he promised to educate the appellee, and furnish him suitable employment when he should recover from the injury. The court, in its instructions, informed the jury that this evidence was incompetent, and should not be considered for any purpose; consequently if any error was committed in admitting it, it was fully cured by the instructions.

The following instructions were requested by the appellants and refused:

" 1. If you are satisfied from the evidence that at the time the plaintiff was employed by the defendants, they, or either of them, or one Marion Shaw, for them, warned the plaintiff that the planer which injured him was dangerous, and that he must keep away from the same while it was running, and that after being so warned, the plaintiff, in violation of said warning and instructions, went so near to said planer while it was running, that his arm was caught in said planer and injured, then you should find for the defendants.

" 3. If you find from the evidence that before the plaintiff was put to work at the planer, the defendants told him the planer when running was dangerous, and instructed him to keep away from the same while it was running, and that afterwards the plaintiff was injured by going too near the

planer when in motion, then you should find for the defendants.

" 5. If the plaintiff, before he was injured, had been properly warned of the dangers of his position, and instructed to keep away from said planer while the same was in motion, and afterwards was injured through his own carelessness in going too near said planer when the same was in motion, you should find for the defendants."

These instructions were properly refused. The first and third do not state the law correctly as applied to the facts in this case. It was proved, without contradiction, that the appellee was but twelve years of age at the time he was injured, and that he had worked but two days and a half for the appellant, and was wholly inexperienced in the running and operation of the machinery in the manufactory, and that he was employed to work in connection with the planer. Under these circumstances it can not be declared, as a matter of law, that the employers absolved themselves from responsibility by simply telling the appellee of the dangerous character of the machinery and warning him to keep away from it while it was in motion. They knew his age and lack of experience, and it was their duty to have so graduated their instructions to his youth, ignorance and inexperience as to have enabled him to fully understand and appreciate the dangers surrounding him, and to have placed him, with reference thereto, in substantially the same relation as if he had been an adult. Instructions to an inexperienced servant must be such as to enable him to comprehend the dangers of his situation and appreciate the necessity of adopting prudent methods for his protection. Wood Law of Master and Servant, section 350. The first and third instructions requested by appellants fell far short of the requirements of the law.

No particular objection can be urged against the other instruction requested and refused. It stated the law correctly

to the extent it assumed to go, but the propositions contained in it were fairly embodied in those given, so it was not error to refuse it.

Among the instructions given by the court counsel for appellants vigorously assail the following:

" 3½. Persons who employ children must anticipate the ordinary behavior of children, and must take notice of their lack of judgment, and must exercise greater care toward and for them than is required by law to be exercised toward and for adult persons.

" 6. It is an actionable wrong for a person to place or employ a child of such immature judgment as to be unable to comprehend the danger, to work with or about a machine of a dangerous character likely to produce injury, and in this case, if you are satisfied by a preponderance of the evidence that the defendants employed plaintiff at and about a machine of a dangerous character, and one likely to produce injury, and that he was injured while working at and about said machine, and at the time of his injury he was of such immature judgment as to be unable to comprehend the dangerous character of the said machinery, you ought to find for the plaintiff."

It is argued that these instructions wholly ignore the question of contributory negligence, and are therefore erroneous. It is not necessary that each instruction should contain the whole law of the case, or any branch of the case with the recognized exceptions. They should all be considered together, and construed with reference to each other. If an instruction contains a complete statement of a proposition of law applicable to the facts in a given case, it will be held good as part of a series containing the entire law of the case. The subject of contributory negligence was fully and clearly expounded in other instructions, so this objection is not tenable.

It is insisted further that these instructions are vicious, in that they declare it to be an actionable wrong to employ an

infant in a dangerous position under any circumstances. They do not bear any such an interpretation, and read in the light of the evidence and in harmony with the other instructions, they correctly state the law.

It should be kept in mind that the complaint proceeds upon two separate and distinct theories. In the first paragraph the liability of appellants is predicated upon their alleged negligence in the employment of the appellee in a hazardous undertaking, without giving him sufficient instructions to enable him to guard against the dangers, while in the second paragraph it is alleged that the appellee lacked the capacity to understand and appreciate the dangers incident to the service, and was therefore unfit for that kind of work, and the appellants were culpable for engaging him in such work, knowing his incapacity. The instructions complained of are pertinent to the latter theory.

The law recognizes the right of a master to employ an infant in a hazardous occupation, on condition that he shall furnish such infant with such information relative to the perils of his situation as will enable him to comprehend the dangers, and understand how to avoid them. But it is an actionable wrong for a master to expose in a hazardous employment one whom he knows to be lacking in capacity to understand and appreciate the dangers surrounding him, however much he may have been instructed. A contrary rule of law would be egregiously inhuman.

In the case of *Pittsburgh, etc., R. W. Co.* v. *Adams, supra,* the Supreme Court said upon this question : "A neglect of such duties may, in a proper case, the servant being without contributory negligence, render the master liable, regardless of the fact that he may have exercised reasonable care in making and keeping the premises, machinery and appliances in a safe condition. The person employed may be so young, inexperienced and immature in judgment, that no kind of warning and instruction would relieve the master from re-

sponsibility for injuries resulting from putting him at a hazardous and dangerous work."

The rule is stated thus in Shearman & Redfield Neg. (4th ed.), section 219 : "And if he (the master) knows, or, in the exercise of ordinary care and sagacity, would have known, that the servant has not capacity enough to understand the warning and appreciate the danger, he will be liable for any injury which such servant may suffer in consequence, if continued at such work." See, also, *Coombs* v. *New Bedford Cordage Co.*, 102 Mass. 572 ; *Hamilton* v. *Galveston, etc., R. W. Co.*, 54 Texas, 556 ; *Hayden* v. *Smithville Mfg. Co.*, 29 Conn. 548.

It would be extremely difficult to formulate an arbitrary rule for the measurement of capacity in such cases, but it may be safely declared that to justify a master in the employment of an ignorant and inexperienced infant in a hazardous calling such infant should possess, at least, sufficient capacity to understand the dangers of the situation and to appreciate the importance of heeding prudent warnings for his own safety.

The question of the appellee's capacity in this case was properly submitted to the jury, and the instructions attacked by the appellants were not erroneous.

The trial court refused to submit to the jury four of the interrogatories requested by the appellants, and this is complained of.

In so far as these interrogatories sought to elicit facts, and not conclusions of law, they were fully covered and answered in the thirty-five submitted by the court at the request of the parties.

One was modified by the court, but there was no error in this. It was proper for the court to revise and modify interrogatories offered by the parties to correspond with the facts involved, and nothing more was done in this instance. *Louisville, etc., R. W. Co.* v. *Worley*, 107 Ind. 320.

Several interrogatories propounded to the jury inquired in

various forms if the appellee had not been instructed before he was injured, relative to the dangerous character of the planer and other machinery, and if he had not been warned to keep away from such machinery while it was in motion, and the jury answered that partial instruction and warning had been given.

It is insisted that appellants had the right to more specific answers, stating to what extent the appellee had been instructed and warned. If the court erred in refusing to require more specific answers to these interrogatories, which we do not decide, the error was harmless, as no answers that could have been given responsive to the questions would have controlled the general verdict. The jury found specially that the appellee did not possess sufficient capacity to understand and appreciate the hazards of the position he was employed in, so, in any event, the matter of instructions would not have exculpated the appellants upon that theory of the case. It is not material error to reject an interrogatory which, however answered, will not control the general verdict. *Louisville, etc., R. W. Co.* v. *Pedigo*, 108 Ind. 481.

We have considered all of the questions discussed by counsel for the appellants, and find no material error in the record.

Judgment affirmed, with costs.

Filed April 28, 1891.