STIRLING v. BETTIS MFG. CO.

(Court of Civil Appeals of Texas. Galveston. June 16, 1913. Rehearing Denied Oct. 9, 1913.)

1. NEGLIGENCE (§ 6*)—VIOLATION OF STATUTE —PROXIMATE CAUSE OF INJURY.
Where an act prohibited by statute is the proximate cause of injury to a person, it constitutes negligence per se.
[Ed. Note.—For other cases, see Negligence, Cent. Dig. § 8; Dec. Dig. § 6.*]

2. MASTER AND SERVANT (§ 87*) — EMPLOYMENT OF SERVANT—AGE — REGULATION — STATUTE—REPEAL—EFFECT.
Where plaintiff, a lad not quite 14, was employed in a woodworking factory by defendant, in violation of Act March 6, 1903 (Acts 28th Leg. c. 28), making the employment of a child under 14 years of age a misdemeanor under certain conditions, and plaintiff, soon after his employment, was injured by contact with a dangerous saw, the fact that defendant was negligent per se in employing plaintiff under such conditions was not affected by the repeal of the statute before trial by Act March 13, 1911 (Acts 32d Leg. c. 46), providing more stringent regulations for the employment of children.
[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. § 138; Dec. Dig. § 87.*]

3. MASTER AND SERVANT (§ 286*)—INJURIES TO SERVANT—MINORS—EMPLOYMENT — NEGLIGENCE PER SE—QUESTION FOR JURY.
Act March 6, 1903 (Acts 28th Leg. c. 28), makes it a misdemeanor to employ a child under 14 in a factory in case he has not had sufficient education to read and write simple sentences in English, etc. Held that, where plaintiff was employed to work in defendant's factory when he was not quite 14 but in an action for injuries plaintiff's own evidence showed that he possessed the simple educational requirements of the statute, the court did not err in refusing to submit to the jury the issue of defendant's negligence per se in employing plaintiff in violation of the statute.
[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. §§ 1001, 1006, 1008, 1010–1015, 1017–1033, 1036–1042, 1044, 1046–1050; Dec. Dig. § 286.*]

4. MASTER AND SERVANT (§ 286*)—INJURIES TO SERVANT—MINOR EMPLOYÉ — EMPLOYMENT—NEGLIGENCE.
Where plaintiff, though not quite 14 when employed by defendant as a clean-up boy in a woodworking factory filled with dangerous machinery, had only been to school about a year, and, beyond ability to read and write simple sentences in English, had practically no education, and, so far as intelligence and understanding were concerned, was about up to the level of an average boy of 11 or 12 years, whether defendant was negligent in employing plaintiff at all to work in such a place, independent of statute, even if carefully warned, was for the jury.
[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. §§ 1001, 1006, 1008, 1010–1015, 1017–1033, 1036–1042, 1044, 1046–1050; Dec. Dig. § 286.*]

5. TRIAL (§ 261*)—INSTRUCTIONS — DUTY TO CHARGE—REQUESTS.
Though a request to charge may not be entirely correct, and for that reason may be properly refused, it may still be sufficient to call the court's attention to the necessity of an instruction on the question presented, so that a failure to give a correct instruction on such issue will be available error.
[Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 484, 660, 671, 673, 675; Dec. Dig. § 261.*]

6. MASTER AND SERVANT (§ 185*)—INJURIES TO SERVANT—MINORS—DUTY TO WARN.
Where defendant employed a boy not quite 14 to act as a clean-up boy in a woodworking factory, defendant itself owed plaintiff a nondelegable duty to not only warn him of the danger of working around the machinery, but to so explain the dangers as to make it reasonably sure that plaintiff understood them, which duty was not performed by warnings given to plaintiff by two other boys working in the factory to the general effect that the ripsaw by

*For other cases see same topic and section NUMBER in Dec. Dig. & Am. Dig. Key-No. Series & Rep'r Indexes

which plaintiff was injured was dangerous, and would hurt him if he fooled with it.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. §§ 385–421; Dec. Dig. § 185.*]

Appeal from District Court, Jefferson County; John M. Conley, Judge.

Action by Murphy Stirling, by his next friend, against the Bettis Manufacturing Company. Judgment for defendant, and plaintiff appeals. Reversed and remanded.

Blain & Howth and M. G. Adams, all of Beaumont, for appellant. Geo. D. Anderson and Crook, Lord, Lawhon & Ney, all of Beaumont, for appellee.

REESE, J. Murphy Stirling, not quite 14 years of age, was employed by Mack Clapp, foreman of the Bettis Manufacturing Company, as "clean-up boy" in the manufacturing establishment of defendant. His duties were to clean up the trash and pieces of lumber around the saws and other machinery on the second floor. On the second day after he was put to work at this employment, while he was trying to rip a piece of plank on the ripsaw, his hand came in contact with this saw, and he was seriously injured. He thereupon, through next friend, instituted this action for damages against defendant. A trial with a jury resulted in a verdict and judgment for defendant, from which plaintiff appeals.

There are 23 assignments of error, all of which, with one exception, complain of the charge of the court and of refusal, to give special charges requested by appellant. Without discussing the several assignments in detail, we will dispose of the several questions which are sufficiently presented by these assignments. Objection is made by appellee to a consideration of the assignments as not prepared in accordance with the rules; but we think that they sufficiently present the several questions which are here passed upon. The court submitted substantially only the issues of the defective condition of the ripsaw as the proximate cause of the injury, and the failure to warn appellant, if the jury found that he was inexperienced.

The accident happened on October 4, 1910. The suit was instituted October 15, 1910, and was tried in May, 1912. One of the acts of negligence charged against appellee was the employment of appellant, then under the age of 14 years, in violation of the terms of the statute then in force making it a misdemeanor to employ him in the circumstances alleged, being chapter 28, acts of the regular session of the Twenty-Eighth Legislature, approved March 6, 1903. It was alleged in the petition that appellant was at the time of said employment, and of the accident in question, under the age of 14 years, that he could not read and write simple sentences in English, and the other facts bringing the case under the terms of the act were alleged,

and were substantially established by the undisputed evidence, except that appellant could not read and write simple sentences in the English language. The court did not submit this issue to the jury in the main charge, and refused to give special instructions requested by appellant embodying this issue. Appellant submits assignments of error upon this failure and refusal of the trial court, and also special assignments that, if for any reason the special charges requested were not correct, they were sufficient to call the attention of the court to the omission to submit this issue in the main charge and to require a correct charge from the court on this issue. So, as the matter is presented by the assignments of error, if the issue should have been submitted, the error is properly presented for our consideration.

[1, 2] The statute referred to was expressly repealed by section 3 of an act of the Thirty-Second Legislature, approved March 13, 1911 (chapter 46, Acts 32d Legislature, p. 75), and was therefore not in force when this case was tried, and it is contended by appellee that its provisions are not applicable to this case. The latter act is much more comprehensive in its terms than the former, and makes it a misdemeanor to employ a person under the age of 15 years "in or about any manufacturing or other establishment using dangerous machinery," etc., without any of the conditions embodied in the former act which tended decidedly to weaken its force. According to the provisions of this latter act, it was clearly unlawful for appellee to employ appellant in the work at which he was engaged. Whatever the law may be in other jurisdictions, it is settled in this state by an unbroken line of decisions that an act prohibited by positive law is negligence per se, where any person is injured as a proximate consequence of such act. Street on Personal Injuries in Texas, 111 et seq., with authorities cited. The principle of law invoked by appellee, that actions to recover forfeitures and penalties imposed by statute abate with the repeal of the statute, has no application to the present case. I. G. N. Ry. Co. v. Culpepper, 38 S. W. 818, approved by Supreme Court; s. c., 90 Tex. 627, 40 S. W. 386. In so far as the statute affected the quality of appellee's act in employing appellant, making it negligence per se, its subsequent repeal could have no effect. This action is not based upon the statute in the sense that would cause the repeal of the statute to abate the action. There has never been a moment of time in fact since the passage of the act of 1903 when it was not unlawful for appellee to so employ appellant if he came under the provisions of that act.

[3] But we are of the opinion that the court did not err in refusing to submit this issue, on the ground that the undisputed evidence showed that appellant at the time of this employment "could read and write simple

---

*For other cases see same topic and section NUMBER in Dec. Dig. & Am. Dig. Key-No. Series & Rep'r Indexes

sentences in English." There was considerable evidence on this point from appellant himself, which we have carefully examined, and our conclusion is that its conclusive effect is that appellant possessed these simple educational requirements. We feel sure that appellee could not have been properly convicted in a criminal prosecution for violation of this statute in any view of this evidence. The evidence of the witness Farmer, which was excluded on objection of appellee, as set out in appellant's fifth assignment of error, if it could be considered by us, really strengthens this conclusion, and its exclusion was not harmful to appellant. If upon another trial the evidence should leave any doubt upon this issue, it would be proper to submit the issue to the jury, and, if it should be then determined that at the time of his employment appellant could not read and write simple sentences in the English language, the principle of law making such employment per se negligence should be applied without regard to the fact of the repeal of the act of 1903.

[4] The petition presented also the issue whether, independently of the statute, appellee was negligent in employing appellant and setting him to work in a place where he was surrounded by dangerous machinery, constantly in operation, and the danger of injury from which, on account of his youth, lack of experience, and general immature intelligence, he was incapable of understanding and appreciating, even though he had been properly warned and instructed as to such dangers. This allegation of negligence was in addition to allegations charging negligence in so putting appellant to work without warning as to the danger, which will be discussed later.

The undisputed evidence disclosed that at the time of appellant's employment and of the accident he lacked a few days of being 14 years of age. There was evidence which tended to show that he was of immature intelligence even for that age. He had been to school only about a year, and, beyond the ability to read and write simple sentences in English, had practically no education. This evidence, if true, showed that appellant was, in intelligence, and understanding, and general mental capacity and judgment, about up to the level of an average boy of 11 or 12 years of age. On the floor where he was put to work there were "a block and spindle machine, band saw, joiner, ripsaw, cut-off saw, drum sander, handle raiser, a couple of stickers, lock and door stickers, chisel mortises, a couple of tumblers, and a shaper." The nature of all this machinery and the dangers thereof are not fully explained; but enough is shown to indicate that the room was full of dangerous machinery. Appellant's duties called upon him to go in and out among these various pieces of machinery and pick up and carry away pieces of lumber, sticks, and trash left on the floor from the operation of these various machines. The ripsaw, whether being used or not, was constantly going for want of an extra pulley, so that the band could be thrown when it was not being used. This appears to be from the rapid revolutions of the saw a dangerous piece of machinery to fool with, and was not guarded in any way. The sticks, trash, etc., had to be carried in a cart to an elevator and then to the boiler room, where it was used for fuel, and those of the sticks and pieces of lumber that were too long to be thus carried, of which there was a quantity, had to be broken up. The evidence discloses that it was the habit of the "clean-up boys," known to the foreman, Mack Clapp, to use this ripsaw to cut the long pieces up into shorter and more convenient lengths. There was evidence that appellant's immature age and lack of judgment and discretion were known to the foreman. In view of these facts, leaving out the question of warning and of the statute, we think the issue should have been submitted to the jury whether appellee was negligent in employing appellant and putting him to work as was done. Ordinarily, in the case of a young or otherwise inexperienced servant working with or about dangerous machinery, it is sufficient that the master warn and instruct him as to the dangers and the way to avoid them; but logically it must follow from the very law that in such cases such warning and instruction must be given, and a failure to do so would be negligence, that when it appears that in a particular case the person is a child of such immature years, intelligence, and judgment as not to be capable of appreciating the dangers and understanding the necessity of avoiding it, even when so warned and instructed, it would be negligent to employ him at all and put him to work amidst dangerous machinery, with which, either through carelessness or out of childish curiosity, he would be liable to come in contact to his injury. That there is such a principle of law seems well settled, and when such cases are presented the issue should be submitted to the jury. Shearman & Redfield Neg. (5th Ed.) § 219; Wood, Master & Servant, § 349; Hamilton v. Railway, 54 Tex. 556; T. & P. Ry. Co. v. Brick, 83 Tex. 598, 20 S. W. 511; Taylor v. Wootan, 1 Ind. App. 188, 27 N. E. 502, 50 Am. St. Rep. 206; Brazil Block Coal Co. v. Gaffney, 119 Ind. 455, 21 N. E. 1102, 4 L. R. A. 850, 12 Am. St. Rep. 422; Lovell v. De Bardelaben Coal Co., 90 Ala. 16, 7 South. 756; King v. Ford River Lumber Co., 93 Mich. 172, 53 N. W. 10; Chicago Brick Co. v. Reininger, 140 Ill. 334, 29 N. E. 1106, 33 Am. St. Rep. 249; Hickey v. Taaffe, 105 N. Y. 26, 12 N. E. 286.

In the case of Gulf Cooperage Co. v. Abernathy, 54 Tex. Civ. App. 141, 116 S. W. 872, it was said by this court: "A case might be presented where the mere fact of putting a young and inexperienced person to work at a

complicated and dangerous machine would be negligence, notwithstanding he be warned of the danger, on account of his obvious inability to be made to comprehend such danger." But it was held that such a case was not then presented. There is, however, a wide difference between the boy Abernathy and the appellant here, as the facts in that case show. The evidence tended to show not only that appellant's work lay among the machinery referred to, but that the "clean-up boys" made use of this dangerous ripsaw for the purpose of cutting into shorter lengths the long pieces, just as appellant did, and that it was expected, or at least known, that they would do so. At any rate the evidence tended to show that appellant was of a curious disposition as regards machinery, and likely to be led to make use of it as he was doing when he was injured, and that this was known to appellant's foreman, or would have been ascertained by the exercise of ordinary care in that direction.

[5] The charges requested by appellant presenting this issue were subject to criticism, as saying much more than was necessary or proper. The last part of special instruction No. 15, on page 58 of the brief, contains possibly all that was necessary to be said on the subject. But, as there was an entire omission of this issue in the court's charge, the charge requested was sufficient to call the court's attention to the matter and to require a proper charge on this issue, and this phase of the matter is specially presented by a proper assignment of error.

[6] But it is assigned as error that the undisputed evidence showed that appellee did not discharge the duty required of it by law by warning and instructing appellant of the dangers consequent upon his employment, and that the court erred in submitting the issue to the jury. This assignment must be sustained. It was admitted by Mack Clapp, appellee's foreman, by whom appellant was employed and put to work, that he had not so warned and instructed appellant. He admitted quite candidly that it was his duty to so warn and instruct, but that he had neglected to do so. The only evidence as to such warning relied upon by appellee to present this issue is what was said to appellant by Ray Broussard and Vanderwater, two boys of 16 or 18 years of age, also working in the factory, to the general effect that the ripsaw was dangerous, and would hurt him if he fooled with it. This falls far short of such warning and instruction as was required of appellee if it would absolve itself from responsibility. The law is thus stated in 1 Shearman & Redfield, Neg. § 219: "This is a duty which cannot be delegated, and any failure to perform it leaves the master subject to the same liability, with respect to such risks, as if the child were not a servant. For this purpose, the master must instruct such young servants in their work and warn them against the dangers to which it exposes them, and he must put this warning in such plain language as to be sure that they understand it and appreciate the danger. For it is not enough that he should do his best to make children understand. They must not be exposed to dangers which they do not fully understand in fact. Bearing in mind the natural forgetfulness of youth, he must renew this warning from time to time, as may be reasonably necessary. And if the servant has not capacity enough to understand the warning and appreciate the danger, or for any other reason does not in fact understand it, the master will be liable for any injury which such servant may suffer in consequence, if continued at such work." It is not sufficient, especially in the case of a child like appellant, even for the foreman to tell him merely that a certain machine is dangerous, and will hurt him. The danger must be explained to him in such way as that it is seen that he comprehends and appreciates it, and will not be likely to forget it. Bailey on Personal Injuries, 665–673; 26 Cyc. 1167 et seq.

The error in submitting this as an issue of fact to the jury is very material, and there is strong probability that it was prejudicial to appellant. The jury might, and probably did, consider from the submission to them of this issue that the evidence to which we have referred was sufficient to authorize them to find that appellant was properly warned, and this must have largely influenced their verdict. It was also error to submit to the jury the issue as to whether appellant was inexperienced. The evidence was conclusive that he was not experienced. The error is complained of by the twenty-third assignment of error, which must be sustained. For the errors, indicated, the judgment is reversed, and the cause remanded for another trial in accordance with this opinion.

Reversed and remanded.