PACIFIC EXPRESS COMPANY ET AL. V. MRS. MOLLIE E. WATSON.

Decided October 16, 1909.

**1.—Damages—Personal Injury to Minor—Measure of Damage to Parent—Case Limited.**

Where personal injuries to a minor do not result in death, the measure of damages to a parent is the diminution in the value of the minor's services during minority, together with such expenses by the parent as may have been rendered necessary by the injury. The right of action for all other damages resulting from the injury after the minor arrives at age, belongs to him and an action can not be maintained therefor by the parent. Gulf, C. & S. F. Ry. Co. v. Hall, 35 Texas Civ. App., 535, limited.

**2.—Master and Servant—Negligence—Contract of Immunity.**

Although a contract for immunity from the consequences of negligence may be valid so far as property rights are concerned, a different rule prevails as to personal injuries received by a servant through the negligence of the master. Such contracts have been held void as contrary to public policy and this, whether the negligence of the master be actual or passive only.

Appeal from the District Court of Taylor County. Tried below before Hon. J. H. Calhoun.

*Wagstaff & Davidson,* for appellant Texas & Pacific Railway Company.

*Etheridge & McCormick,* for appellant Pacific Express Company.—The inclusion by the court in the rule given to the jury for ascertaining appellee's damages, of the element of pecuniary aid, if any, that appellee would have received from her son, after he reached

his majority, enabled the jury to award appellee damages to which, in law and under the undisputed facts, she was not entitled. Gulf, C. & S. F. Ry. Co. v. Johnson, 99 Texas, 337-342; Gulf, C. & S. F. Ry. Co. v. Compton, 75 Texas, 667-674; Thompson v. Ft. Worth & R. G. Ry. Co., 97 Texas, 590-594; Sutherland on Damages, 2d ed., sec. 1252, p. 2682; Mercer v. Jackson, 54 Ill., 397-401; Karr v. Parks, 44 Cal., 46-50.

The undisputed evidence shows that the defective truck on which appellee's son was injured belonged to and was being actually used in the business of the Texas & Pacific Railway Company in the loading and unloading of baggage, when the accident occurred, and that the Express Company furnished to plaintiff's son a sufficient truck, in good condition, and had no other kind in use in its business at Abilene; therefore, the active negligence, if any, was that of the Texas & Pacific Railroad Company, and not the express company, and under this state of facts, while both may be liable for the tort—the express company, by construction of law, as being the master, and the railway company because it was the active perpetrator of the wrong—the law did not forbid the express company to contract with the appellee, who was *sui juris,* for exemption from liability to her for the consequences of such a tort. City of San Antonio v. Smith, 94 Texas, 266-271; City of San Antonio v. Talerico, 98 Texas, 151-155; Texas & Pacific Ry. Co. v. Putman, 63 S. W., 910; International & G. N. Ry. Co. v. Hinzie, Guardian, 82 Texas, 623-627; Pullman Co. v. Norton, 91 S. W., 841-843 et seq.; Rev. Stats. Texas, art. 4560i.

*Hardwicke & Hardwicke* and *Theodore Mack,* for appellee.

DUNKLIN, ASSOCIATE JUSTICE.—While Will W. Watson, a minor, was engaged in the service of the Pacific Express Company, he stepped from an express car upon a baggage truck having a defective floor, which defect caused him to fall and sustain injuries. The truck had been left near the car by employes of the Texas & Pacific Railway Company and was the property of the latter company. The accident happened July 30, 1905, at the Texas & Pacific Railway depot in Abilene. Will Watson attained the age of twenty-one years September 7, 1905, and was living at the date of trial, September 7, 1908, and in another suit had already recovered judgment in his own right for ten thousand dollars as damages for the injuries sustained by him. The verdict in this case was in plaintiff's favor for one thousand dollars.

Upon the measure of damages the court charged the jury that in case of a verdict in favor of Mrs. Watson, then in addition to the loss of earnings of her son during minority, and the value of her services in nursing him during that period, she should be allowed as damages the reasonable value of such pecuniary aid as the mother had a reasonable expectation of receiving from her son after he reached the age of twenty-one years. This charge is assigned as error by both defendants in the case, and those assignments are sustained.

Doubtless the trial court was induced to give this instruction by the decision of Justice Fisher, of the Court of Civil Appeals, in the case of Gulf, C. & S. F. Ry. v. Hall, reported in 35 Texas Civ. App., 535,

which seems to sustain such an instruction. However, such a holding was not necessary to a disposition of the appeal in that case, as it appears from the opinion of the court that in the plaintiff's pleadings no claim was made that the father, who was plaintiff in the case, had a reasonable expectation of receiving pecuniary benefits from his injured son, Charles Hall, after the son had reached the age of twenty-one years, and the court further held that the evidence was not of such a character as to warrant a verdict in plaintiff's favor as to that item of damages.

The case of Gulf, C. & S. F. Ry. v. Johnson, 99 Texas, 337, was one in which the mother sued for damages for personal injuries to her minor son, and our Supreme Court used the following language: "Over the objection of the defendant the court admitted evidence to show that Mrs. Alice Johnson depended upon her work for a living. The decisions relied on to sustain this ruling were made in cases in which the plaintiffs sued for damages resulting from the death of relatives in which their rights of action and measure of damages consisted of the value of pecuniary benefits or contributions which they would have received from the deceased had they lived; and evidence of the necessity for such help arising from the poverty of the plaintiffs tended to show the probability that it would have been extended. (International & G. N. R. R. Co. v. Kindred, 57 Texas, 598; Houston & T. C. Ry. Co. v. White, 23 Texas Civ. App., 280; International & G. N. R. R. Co. v. Knight, 52 S. W., 641.) But the rule is not the same in cases like this, where the right of action and measure of damages are different. The mother's right was only to recover for the diminution in the value of the minor son's services during minority, with such expenses as may have been rendered necessary by the injury, and her poverty did not tend to show these things. (Houston & G. N. R. R. Co. v. Miller, 49 Texas, 332; Missouri Pac. Ry. Co. v. Lyde, 57 Texas, 505; Missouri, K. & T. R. R. Co. v. Hannig, 91 Texas, 349, and cases cited.) More than that she could not recover, whether rich or poor, for the right of action for all other damages resulting from the son's injury belongs to him."

While it does not appear from the report of that case that the mother of the son sought to recover for pecuniary benefits from her son's services after he had attained the age of majority, we think the language quoted above clearly indicates that our Supreme Court would not hold that such benefits could be recovered by a parent where the injury to a minor did not result in death. Unquestionably, Will W. Watson has the legal right to recover the full amount of his loss of earnings sustained after he attained the age of twenty-one years and occasioned by the negligence of defendants, and to allow his mother to recover also for a portion of such loss, it seems, would, in one sense, at least, be to allow a double recovery for the same injury. If the mother had a legal interest in such services, of course she could recover for the loss thereof occasioned by the negligence of defendants; but we know of no rule of common law nor any statute of our State vesting in her such an interest where the injury which occasioned the loss of earnings by her son did not result in his death. Without such

an interest we fail to understand how in such a case she could have a cause of action for expected benefits from such services. Except the case of Railway v. Hall, *supra*, no authorities are cited by appellee, and we have been unable to find any to sustain the charge given by the trial court. The case of Mercer v. Jackson, 54 Ill., 397, seems directly in accord with our views expressed above. See also Houston & T. C. Ry. v. Cowser, 57 Texas, 300; Houston & T. C. Ry. v. Nixon, 52 Texas, 25; Houston & G. N. Ry. v. Miller, 49 Texas, 322.

As an inducement to the express company to employ her son, Mrs. Watson agreed in writing with the company to hold it harmless for any injury to her son occasioned by the negligence of that company. The express company insists that the uncontroverted evidence shows that the negligence, if any, which occasioned the injury to Will Watson was the active negligence of the Texas & Pacific Railway Company in leaving the defective baggage truck at the place where Will Watson stepped upon it; that if the express company was negligent in permitting such a truck to be so placed, such negligence was passive only, and therefore its contract with plaintiff for immunity against liability for negligence on its part should be enforced. To sustain this contention appellant has cited several authorities holding that in certain cases a passive wrongdoer may have judgment over against an active wrongdoer when both are held liable to the plaintiff, in one of which cases, Pullman Co. v. Norton, 91 S. W., 841, this right of recovery was based upon a contract of indemnity in favor of one defendant with its co-defendant   But no decisions are cited, and we know of none, which hold that if negligence which causes an injury is passive only, then by reason of the fact that it is of that character a contract for immunity from damages occasioned thereby will bar a recovery by the injured party. In Missouri, K. & T. Ry. of Texas v. Carter, 95 Texas, 461, our Supreme Court held that there is no general rule that one can not contract for immunity from the consequences of his negligence, and in that case a contract by a sawmill owner with a railroad company to hold it harmless against loss of property by fire from its engines if the railroad company would build a spur-track to the mill, was upheld, even though the fire occurred through the negligence of the railway company. To the same effect, see Woodward v. Ft. Worth & D. C. Ry., 35 Texas Civ. App., 14; Woolridge v. Ft. Worth & D. C. Ry., 38 Texas Civ. App., 551. But we think a different rule would prevail if the contract is for immunity from the consesequences of the master's negligence resulting in personal injury to his employe. Indeed, in cases of this character upon the question of plaintiff's right to recover, such contracts have been held to be void as in contravention of a sound public policy, and we know of no reason for making a distinction if such negligence be active or passive only. (Bonner v. Bean, 80 Texas, 155; Texas & P. Ry. v. Putman, 63 S. W., 910; Gulf, C. & S. F. Ry. v. Darby, 28 Texas Civ. App., 413, and authorities there cited.)

The express company further complains that the charge of the court presenting the issue of negligence *vel non* of that company was upon the weight of the evidence, but after a careful examination of the in-

struction we hold that there is no merit in the assignment, and it is accordingly overruled.

For the error above indicated the judgment of the trial court is reversed and the cause remanded.

*Reversed and remanded.*