## McKAY v. WISHERT.

(Court of Civil Appeals of Texas. San Antonio. Nov. 6, 1912. Rehearing Denied Jan. 8, 1913.)

1. REPLEVIN (§ 71*)—FACTS IN ISSUE—RELEVANCY.

In an action to recover a pair of mules loaned to defendant, or, in the alternative, damages for detention and for attorney's fees and expenses, notes signed by defendant and the plaintiff's brother and the testimony of a bank employé that plaintiff's brother had paid the bank a certain sum on notes of himself and defendant were irrelevant.

[Ed. Note.—For other cases, see Replevin, Cent. Dig. §§ 128, 129; Dec. Dig. § 71.*]

2. APPEAL AND ERROR (§ 1050*)—HARMLESS ERROR—ADMISSION OF EVIDENCE.

In an action to recover a pair of mules, or damages for their detention and for attorney's fees and expenses, error in admitting three notes signed by defendant and the plaintiff's brother and the testimony of a bank employé that plaintiff's brother had paid a bank a certain sum on notes of himself and defendant was harmless, in view of testimony of plaintiff's brother on cross-examination by defendant that defendant owed him money, describing the notes, and that he paid two of them as surety for defendant and the other as a partnership note, and that he had paid $3,800 to the bank on notes of himself and defendant.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 1068, 1069, 4153–4157, 4166; Dec. Dig. § 1050.*]

3. REPLEVIN (§ 71*)—ADMISSIBILITY OF EVIDENCE — DEFENDANT'S FINANCIAL CONDITION.

In an action to recover a pair of mules, or, in the alternative, damages for their detention and for expenses, where defendant claimed that, when plaintiff purchased six mules, it was understood that two should belong to defendant on payment of $258, and where plaintiff claimed that he bought all of the mules for himself and loaned two to defendant, evidence as to plaintiff's knowledge of defendant's financial standing was admissible as tending to prove the unreasonableness of the defendant's claim.

[Ed. Note.—For other cases, see Replevin, Cent. Dig. §§ 285–291; Dec. Dig. § 71.*]

4. DAMAGES (§§ 37, 42, 72*)—GROUNDS OF COMPENSATORY DAMAGES—ATTORNEY'S FEES AND EXPENSES OF LITIGATION.

Attorney's fees, loss of time, and expenses in attending court are not recoverable as actual damages.

[Ed. Note.—For other cases, see Damages, Cent. Dig. §§ 237–241, 89, 147–151; Dec. Dig. §§ 37, 42, 72.*]

Error from Karnes County Court; A. J. Parker, Judge.

Action by M. Wishert against W. B. McKay. Judgment for plaintiff, and defendant brings error. Reformed and affirmed.

C. L. Bell, of Karnes City, and Joel A. Lipscomb, of San Antonio, for plaintiff in error. M. B. Little and Williamson & Klingeman, all of Karnes City, for defendant in error.

MOURSUND, J. M. Wishert sued W. B. McKay to recover one pair of mules, alleging that he loaned the same to McKay, who refused to return them, further alleging that the mules were worth $300; that McKay had withheld same for 92 days, and that the value of the use thereof was $182; that he was compelled to sue and to employ an attorney at a cost of $25; that he also suffered damages on account of loss of time in the sum of $20, and paid out $12 for other expenses. He prayed for restitution of the mules, or, in the alternative, for the recovery

of the value thereof, for damages for the value of the hire thereof, and for other damages above enumerated. Defendant McKay answered by general denial and other pleas unnecessary to be stated. Upon the trial a verdict was returned in favor of plaintiff Wishert for the possession of the mules, attorney's fee of $25, and $20 expenses. Judgment was entered accordingly, from which defendant W. B. McKay appealed.

[1, 2] By the first assignment complaint is made of the admission in evidence of three notes signed by defendant and J. M. Wishert, the brother of M. Wishert. This evidence was irrelevant to any issue in this case, but its admission was harmless in view of the testimony that had already been admitted without objection and elicited by plaintiff in error's attorney upon cross-examination of said witness. Upon direct examination, he testified that plaintiff in error owed him $2,000. Upon cross-examination he testified again to that fact, and said plaintiff in error also owed him other money. He described the three notes, to the introduction of which objection is made under this assignment and testified he paid two of them as surety for plaintiff in error, and the other was their partnership note which he also paid. We do not see how the mere introduction of the notes could do any more harm than was done by the cross-examination.

What we have just said applies with equal force to the testimony of Willie Ruckman, complained of in the second and third assignments. Counsel for plaintiff in error drew from the witness J. M. Wishert upon cross-examination the statement that he paid something like $3,800 to the Karnes County Bank on the notes of himself and plaintiff in error. Ruckman, an employé of the bank, testified, according to the statement of facts, that the amount so paid was $3,522.60. The bill of exceptions fails to state the amount. There was no denial of J. M. Wishert's testimony and the evidence complained of was irrelevant, but harmless. These assignments are overruled.

We are of the opinion that the testimony of Joe Gawlik was admissible, and overrule the fourth assignment. The evidence of this witness as contained in the statement of facts is very different from that shown in the bill of exceptions.

[3] The fifth assignment complains of the admission of the evidence of M. Wishert, defendant in error, to the effect that he had known plaintiff in error intimately for a long time, that he knew plaintiff in error had no money or property and never paid his debts, and knew he owed defendant in error's brother Milas considerable money, and owed everybody that would let him, and that he would not lend him money for anything or any amount. This testimony was objected to on the ground that it was irrelevant, immaterial, did not prove, or tend to prove, any issue in the case, and could only be prejudicial to defendant. A portion of this testimony was clearly the opinion of the witness, but it was not objected to on that ground. Plaintiff in error contended that when defendant in error paid for six mules, and took the bill of sale to himself for the same, it was with the understanding that two should belong to plaintiff in error, and he should pay defendant in error $258.33 for the same. Defendant in error contends that he bought all the mules for himself and loaned the pair in controversy to plaintiff in error, and the latter refused to return them upon demand. Under the peculiar facts of this case defendant in error's knowledge of plaintiff in error's financial standing we think should be permitted to go to the jury as a circumstance tending to prove the unreasonableness of the latter's claim that the defendant in error paid for the mules with the understanding they should belong to plaintiff in error. The assignment is overruled.

[4] The sixth assignment is based upon the following portion of the court's charge: "If you find in favor of plaintiff for possession of said animals, you will then consider his allegations as to damages incurred in the prosecution of this suit, and find in plaintiff's favor on the issue such sum as from the evidence you deem to be a reasonable and fair compensation, not to exceed the sum claimed." Plaintiff in error contends the damages should have been limited to the value of the animals and the loss sustained by their unlawful detention, and that the charge should not assume that damages had been suffered. The court had already charged fully on the measure of damages applicable in this class of cases. The jury failed to allow anything for the value of the hire of the animals, although authorized to do so under the charge, but, under the paragraph now complained of, allowed $25 attorney's fee and $20 expenses. Damages in the way of attorney's fees, loss of time, and expense in attending court (the items sought to be recovered by plaintiff) are not recoverable as actual damages. Thouron v. Skirvin, 57 Tex. Civ. App. 111, 122 S. W. 58; Beckham v. Collins, 54 Tex. Civ. App. 243, 117 S. W. 432; Strauss v. Dundon, 27 S. W. 503; Sherrick v. Wyland, 14 Tex. Civ. App. 300, 37 S. W. 345; Railway Co. v. Ware, 74 Tex. 50, 11 S. W. 918; Towery v. Henderson, 60 Tex. 291. We hold that error was committed as complained of under this assignment. The judgment of the lower court will therefore be reformed so as to eliminate the recovery of the two items mentioned, and, as so reformed, will be affirmed.

Reformed and affirmed.