———o———

No. 6969.

## J. R. McMAHON v. PEOPLE'S NATIONAL FIRE INSURANCE CO.

### Syllabus.

In a matter of insurance, additions to a building include only such structures as are attached to and structurally connected with the main building, and not outhouses entirely detached and wholly disconnected from said main building, especially where such additions are required to be adjoining and communicating with said main building.

Appeal from the Civil District Court, Parish of Orleans, No. 114,957, Division "D"; Honorable Porter Parker, Judge. Reversed.

Stafford & Robinson, for plaintiff and appellee.

John C. Hollingsworth, for defendant and appellant.

His Honor, JOHN ST. PAUL, rendered the opinion and decree of the Court, as follows:

This is an action upon a policy of tornado insurance. The risk assumed by the defendant was upon "a two-story frame building with slate roof, and its additions, adjoining and communicating, occupied as a dwelling house."

The two-story dwelling house was damaged by storm to the extent of $760, which the defendant paid.

On the same lot of ground there was a one-story out-house used partly as a garage and partly as servant's quarters; entirely detached from the main building, and distant some thirty feet therefrom; and leading thereto across an open yard was a broad schillinger walk.

This out-house was damaged by the same storm to the extent of $210, which plaintiff now claims and which defendant refused to pay on the ground that said out-house is not an addition to the main building adjoining and connecting therewith.

We are of opinion that "additions" to a building include only such structures as are attached to or structurally connected with the main building and are not an out-house entirely detached and wholly disconnected from said main building, especially where such additions are required to be adjoining and communicating with said main building.

The rule is thus stated by the *Encyclodedia of Law and Procedure*:

> "Buildings and Additions: In general the description of a building covers only the single and complete structure, and not separate structures used in connection with it, nor walls or fixtures not constituting part of the permanent structure. So too, it is well settled that the term 'buildings and additions' does not cover structures not structurally connected with

and dependent upon the main building." (19 *Cyc.,* *pp.* 664-665 *and notes,* 59-60-61.)

And in support of this general proposition we find cited a long list of decisions from many States, upholding the same and showing that the great weight of authority is in favor of the proposition as stated.

We therefore adopt that proposition as our own.

But at the same time we must add that the authorities are not unanimous, there being several cases which hold the contrary view.

Of these the latest and most important is the case of *Ideal Pump and Manufg. Co. v. American Central Insurance Co.,* 167 *Mo.,* 566 (152 *S. W. Rep.,* 508), which cites all the cases holding the same view (principally *Phoenix Ins. Co. v. Martin,* 16 *Southern,* 417, a Mississippi case), but finally concludes that "additions" does not **necessarily** include only what is structurally connected with the main building, and that evidence may be adduced to show what was really meant.

On the other hand, the latest and most important case supporting the general proposition (which we have adopted) is the case of *North British Mercantile Ins. Co. v. Tye,* 58 *Southeastern Rep., p.* 110, which reveiws all the authorities on both sides, pointing out that the contrary doctrine originated with the *Phoenix Ins. case* above mentioned, a case decided practically without reasoning, and followed blindly in other cases.

Our own reasons for following the *Tye case* (which we consider ourselves at liberty to do, in view of these conflicts) are these:

271

We consider that the word "addition" used in connection with a building carries with it the idea of something connected, attached, and incorporated with the main building; that the proper expression for a detached building is an out-house. And when the word addition is followed and qualified by "adjoining and communicataing", it is even still more limited; otherwise these last words are wholly superfluous.

Another reason is this: If by construction we extend the meaning of the words "additions, adjoining and communicating" so as to include any building upon the same lot of ground, or in the vicinage, then we fail to perceive how it will ever be possible for the parties to a contract of insurance to limit their contract to a single building (as may often be their intention) without resorting to an infinite amount of circumlocution for the purpose of doing so; and thus make an insurance policy an inventory or schedule of what is **not** insured, rather than a schedule of what **is** insured, as it is generally taken to be.

On the other hand, if the word "additions" is given its very natural signification, those intending to insure other structures may describe them very effectively by the use of the one word **outhouse** or by describing them as garage, woodshed, chicken house or whatever else they may be.

## II.

We are referred to certain cases in our own books said to hold views in conflict with those now expressed by us. But we do not find them so.

*Monteleone v. Ins. Co., 47 An.,* 1568, holds no more than that a wall structurally connecting two buildings, both in-

sured in the same policy, was part and parcel of the buildings thus insured as a whole.

*Allen v. Insurance Co.*, 34 *An.*, 763, simply holds that a certain building, having several compartments all under the same roof, was only one building, and that furniture insured whilst contained in said building, was insured in any part thereof.

*Workman v. Insurance Co.*, 2 *La. Rep.*, 507, was decided upon a policy of insurance entered into in 1830, that is to say, nearly ninety years ago, and under a regime in which contracts were more loosely drawn than at present, especially contracts of insurance.

There it was held that insurance upon a "house" covered the back buildings which might be considered as accessories to the main building, and because the assured had paid annually **"a premium commensurate with the entire value of the whole"**, which was taken as evidence of an intention to secure indemnity upon the whole.

But even in that case the Court confesses (at page 510) that it has not arrived at that conclusion without some doubt.

Hence we conclude that the case is not to be taken as an authority for the present case; first because of the doubt expressed by the Court, and secondly, it seems to be based in part, if not principally, upon the fact that the insurance was taken up to the full value of all the buildings; as to which there is no evidence in this case, and no such contention is made even in argument.

The judgment appealed from is therefore reversed, and it is now ordered, that the plaintiff's demand be rejected at his cost in both Courts.

Opinion and decree, April 2nd, 1917.

Rehearing refused, April 16, 1917.

Writ denied, May 15, 1917.