DEE et al. v. TAYLOR–HANNA–JAMES CO.
(No. 6250.)

(Court of Civil Appeals of Texas. Austin.
Dec. 15, 1920. Rehearing Denied
Jan. 26, 1921.)

1. Evidence ☞249(1), 259 — Written statement signed by one partner only admissible against others.

In suit by a company against a firm on a series of notes and on open account for goods purchased, written statement signed by the firm in its firm name by a member *held* not inadmissible on the ground that the individual defendants other than the member who signed it were not parties to the statement, and it was immaterial that statement was admitted prior to the introduction of other evidence establishing the connection of each individual member of the firm with it.

2. Joint-stock companies ☞15(1)—Individual members liable for debts of concern.

Individual members of a joint-stock association by statute are made liable for the debts of the concern, the question of their liability for the debts of the firm being under the circumstances of the particular case determinable by the general principles applicable to partnerships.

Appeal from District Court, McLennan County; H. M. Richey, Judge.

Suit by the Taylor-Hanna-James Company against the Falls County Grocery Company, a partnership composed of Robert Dee and others. From judgment for plaintiff, defendants appeal. Affirmed.

Spivey, Bartlett & Carter, of Marlin, for appellants.

Johnston & Hughes, of Waco, for appellee.

BRADY, J. Appellee, a corporation, sued appellant Falls County Grocery Company, alleged to be a partnership, with the individual appellants as partners, to recover upon a series of notes, dated January 1, 1917, executed by Falls County Grocery Company, Jesse Washington, manager, and payable to appellee; and also upon open account for goods purchased during the latter part of the year 1916, by the grocery company from

appellee. By trial amendment, appellee alleged that the grocery company was a joint-stock company or association, and that appellants were members.

The case was tried before the court without a jury, and judgment was rendered against the grocery company and against the individual appellants, as members thereof, for the full amount sued upon.

In the judgment, the trial court found that the grocery company was an unincorporated joint-stock association and quasi partnership, composed of the defendants and others, who were not served individually and whose names were unknown to plaintiff.

We find that there is evidence in the record sufficient to support this finding; and also that the individual appellants were members of the association or quasi partnership, at the time the indebtedness sued upon was incurred. We also find that the indebtedness was contracted and incurred upon the faith that the grocery company was a partnership, composed of the appellants and others.

## Opinion.

The first point raised in the brief is that the court erred in admitting in evidence a certain written statement, dated December 30, 1915, and signed, "Falls County Grocery Company, by Jesse Washington." The admission of this statement was objected to upon the ground that the individual defendants, other than Jesse Washington, were not parties to such statement; that the same was made in their absence and without their consent, and was prejudicial to their rights and not binding upon them.

The statement was made to appellee and recited that the Falls County Grocery Company was a private partnership composed of Jesse Washington and the other defendants, and also others whose names Jesse Washington promised to furnish later. It was recited in the instrument that Jesse Washington was the manager of the business, assisted by his son, Robert. The present indebtedness of the grocery company was recited, and also the assets of the concern. Mr. Taylor, secretary-treasurer of appellee corporation, testified that the debts were created on the strength of this statement, and that his company dealt with the whole business and not with Jesse Washington personally.

[1] We are of the opinion that the trial court did not err in admitting this written statement. It was admissible of itself as against the defendant Jesse Washington, who failed to appear at the trial, and against whom default judgment was rendered. Furthermore, it was admissible against and binding upon the other defendants, as their connection with the partnership or joint-stock association was proved by other evidence. It is immaterial that the statement was admitted prior to the introduction of other evidence which established the connection of each of the individual appellants with the company. Corpus Juris, vol. 22, p. 403; Frank v. Brown Hardware Co., 10 Tex. Civ. App. 430, 31 S. W. 64; 23 Cyc. 469 and 476; 5 Corpus Juris, 1337; Caraway v. Bank, 29 S. W. 506.

It is also assigned as error that the court erred in rendering judgment against the defendants, because there was no evidence that they were members of the partnership or joint-stock association, at the time the indebtedness sued on was incurred; and that the evidence affirmatively showed that they had long prior to such date severed their connection with the partnership or association.

[2] We cannot sustain the assignment, because there was evidence sufficient to show that each of the individual appellants had become members of the association, and had subscribed to the stock of the same, and most of them had been on the board of directors. All this was prior to the contracting of the indebtedness sued upon. It is true that there was testimony given by the defendants, themselves, that they had lost interest in the concern when they realized that they would get no profits in the business, and that they had "quit." It was also testified by them that the directors had ceased to have any meetings, but we do not think the evidence was sufficient to establish that the association had been legally dissolved or that the individuals had ceased to be members, certainly as against a creditor who had extended credit upon the faith of the partnership. The individual members are, by our statute, made liable for the debts of the concern; and the question of their liability, under the circumstances of this case, is determined by the general principles applicable to partnerships. Allen v. Long, 80 Tex. 261, 16 S. W. 45, 26 Am. St. Rep. 735; Industrial Lbr. Co. v. Tex. Pine Land Ass'n, 31 Tex. Civ. App. 375, 72 S. W. 875; Laird v. Ivens, 45 Tex. 621; Milmo Natl. Bnk. v. Bergstrom, 1 Tex. Civ. App. 151, 20 S. W. 836; Liddell v. Crain, 53 Tex. 549; Corpus Juris, vol. 5, p. 1337; Kuehl v. Meyer, 50 Mo. App. 648; White v. Hudson, 36 S. W. 332; Thompson v. Harmon, 152 S. W. 1164; Long & Berry v. Garnett, 59 Tex. 233; Devine v. Martin, 15 Tex. 31.

These are the only assignments in the brief, and, believing that neither should be sustained, they are hereby overruled.

No reversible error has been shown, and the judgment is affirmed.

Affirmed.