**BELT et al. v. McGEHEE.** (No. 3063.)

Court of Civil Appeals of Texas. Amarillo. Sept. 12, 1928.

James E. Anderson, of Amarillo, for appellants.

J. H. O'Neall, of Tulia, and H. L. Jordan, of Pampa, for appellee.

HALL, C. J. This suit was instituted by appellee to recover damages alleged to have resulted to him by reason of fraud on the part of defendants and their agent, in inducing him to enter into a contract of sale of stock or an interest in what seems to be a joint-stock company. organized to develop certain oil leases which he alleges were owned by defendants as partners.

He alleges that the partnership consisted of W. W. Edwards, who resided in Oklahoma City and had an office in Amarillo, but was temporarily residing in Gray county. He further alleges that the other defendants, J. S. Belt, C. C. Beasley, and I. S. Boyles, resided in Potter county. He alleges that the defendant Boyles, for himself and as a representative of the firm of which he was a member, sold appellee certain interests, shares, or stock in what is termed W. W. Edwards' Interests to the amount of $500, issuing to appellee a receipt, which recites the payment of the $500, and which binds the. defendants to accept the money or refund the same within 10 days after July 5, 1927, the date thereof.

The case was submitted to a jury upon special issues, and resulted in a judgment in favor of appellee for $500 actual damages and $250 exemplary damages. The case is before us upon 24 propositions predicated upon 48 assignments of error.

The record discloses that two attempts were made to serve process upon Edwards, one by notice to serve nonresident defendant in Oklahoma, and the other by citation in Gray county and that no service was ever obtained. Yet the judgment decrees recovery against Edwards personally. No attachment or other process was ever issued upon which to base a judgment in rem. Edwards did not appear in the case, by attorney or otherwise, and the judgment as to him is therefore void.

We will not undertake to discuss the numerous propositions in detail. A great many exceptions were filed attacking the sufficiency of the petition to recover damages by reason of the fraudulent representations of Boyles, and these exceptions, in the main, were well taken, and should have been sustained for the reasons specified in Avery Co.

of Texas v. Harrison Co. (Tex. Com. App.) 267 S. W. 254; Houston Oil Co. v. Bunn (Tex. Com. App.) 256 S. W. 259; Carson v. Houssels (Tex. Civ. App.) 51 S. W. 290; and other authorities to the same effect.

It was not necessary for plaintiff to verify his petition, and the court did not err in overruling the exception to it for that reason.

Appellants insist that the petition is insufficient because no previous demand was made by plaintiff before filing the suit, and for the further reason that he did not offer to return the consideration received. A demand for his damages was not a condition precedent to plaintiff's right to sue for damages, and, since he shows that he never received any stock or other consideration, there was nothing for him to return. He did not sue for cancellation and rescission, but for damages.

The court should have sustained the exception to that part of the petition seeking to recover attorney's fees. Thouron v. Skirvin, 57 Tex. Civ. App. 105, 122 S. W. 55 (writ of error denied); McKay v. Wishert (Tex. Civ. App.) 152 S. W. 509.

Numerous objections were made to the testimony elicited by appellee from Boyles upon the issue of the existence of the partnership. The general rule is that declarations by one alleged member of a partnership, made without the knowledge of the other, are not admissible against such other to show partnership. Harvey Company, Limited, v. Braden (Tex. Civ. App.) 260 S. W. 655; Brown v. Watson, 72 Tex. 216, 10 S. W. 395. But this is not the rule where there is other evidence tending to show the existence of a partnership between the parties. Caraway v. Citizens' National Bank (Tex. Civ. App.) 29 S. W. 506; Bush v. Charles P. Kellogg Co. (Tex. Civ. App.) 34 S. W. 1056; Dee v. Taylor-Hanna-James Co. (Tex. Civ. App.) 227 S. W. 361; 2 Jones on Evidence (2d Ed.) 1726, § 935.

An instrument called an indenture was introduced, together with other written evidence, which tended strongly to show that the property was owned by the defendants as partners. Under such circumstances, it was not error for the court to permit Boyles to testify that they were partners.

Exemplary damages, under the conditions disclosed by this record, are ordinarily recoverable in cases of fraud. Whitehead v. Reiger (Tex. Civ. App.) 282 S. W. 651; 27 C. J. pp. 104, 105.

It is not denied that Boyles was authorized to sell an interest in these leases, and, if he was guilty of fraud in the performance of his duties, his partners and co-owners, as principals, were liable in damages resulting from such fraud. Western Weighing & Inspection Bureau v. Armstrong (Tex. Com. App.) 288 S. W. 119.

The opinions of McCrary and other witnesses as to the comparative shrewdness and business acumen of plaintiff and Boyles were not admissible.

The fourteenth proposition sets out 15 objections to evidence admitted over as many different objections and elicited from several different witnesses. Numerous objections were urged to the testimony of each witness and all of these matters are included in one bill of exception, and, although the questions of law arising upon the admissibility of these numerous items of evidence are different, appellant has attempted to brief them under one proposition without a separate statement or argument upon each point urged. This method of briefing violates Court of Civil Appeals Rules 30 and 31, and the proposition will therefore be disregarded.

During the course of the trial, evidence was admitted of other similar transactions between Boyles and other purchasers of interests in the leases. It was not charged nor shown that defendants were acting under a general scheme or had conspired to defraud purchasers, and, in the absence of such charge and proof, evidence of other similar transactions, though fraudulent, was not admissible. 27 C. J. 60, § 198.

Since the case was submitted to a jury upon special issues, the court did not err in refusing to give the numerous general charges requested by the appellant.

The court refused to submit special issues inquiring of the jury as to the amount of damages, and then assessed the damages himself. This was error. The jury should have been permitted to pass upon these issues. A writing which is called salesman's authority, in which Edwards and Belt assert that they own and possess the leases referred to, was not admissible against the plaintiff. This is also true of a statement signed by C. C. Beasley for Edwards, in which it is asserted that Edwards is the sole owner of the leases in question and that he is disposing of them under the name of W. W. Edwards' Interests. This testimony was ex parte and self-serving, and should not have been admitted.

For the reasons stated, the judgment is reversed, and the cause is remanded.